700 A.2d 1234

IN THE MATTER OF JOAN GERTSACOV
SMITH, AN ATTORNEY AT LAW.

October 20, 1997.

**ORDER**

The Disciplinary Review Board on June 27, 1997, having filed with the Court its decision concluding that **JOAN GERTSACOV SMITH** of **CHERRY HILL,** who was admitted to the bar of this

State in 1974, should be suspended from the practice of law for a period of six months for her violations of *RPC* 1.3 (lack of diligence); *RPC* 1.4 (failure to communicate with client); *RPC* 1.16(d) (failure to turn over a client's file and failure to return an unearned fee); and *RPC* 8.1(b) and *Rule* 1:20–3(g)(3) (failure to cooperate with the District Ethics Committee);

And the Disciplinary Review Board having further concluded that the Office of Attorney Ethics should conduct an audit of respondent's attorney books and records; that prior to reinstatement to practice, respondent should demonstrate by competent psychological proof that she is fit to practice law; that respondent should not be reinstated to practice until she has paid a $500 monetary sanction imposed on her by the Court in 1996; and that on reinstatement, respondent should practice under supervision for a period of one year;

And good cause appearing;

It is ORDERED that **JOAN GERTSACOV SMITH** is hereby suspended from the practice of law for a period of six months, effective November 12, 1997, and until the further Order of the Court; and it is further

ORDERED that the Office of Attorney Ethics shall conduct such audit of respondent's attorney books and records as it deems appropriate; and it is further

ORDERED that no petition for reinstatement to practice be considered until respondent has paid in full the $500 monetary sanction imposed on her by the Court in 1996; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate by competent psychological proof that she is fit to practice; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of her suspension and that she comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.